UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRY HOLLEY,

          Petitioner,          Case Number 17-13370
v.                                                 Honorable David M. Lawson

ERICK BALCARCEL,

          Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

After petitioner Kerry Holley shot and killed his girlfriend's nephew, Michigan authorities charged him with first-degree murder and firearms offenses. He pleaded self-defense. The trial judge instructed the jury on the lesser crime of second-degree murder, and the jury convicted Holley of that crime along with the firearms offenses. In his habeas corpus petition, Holley argues that this jury instruction was erroneous, and the evidence did not support the convictions. The former argument does not provide a federal court grounds to grant relief, and the latter argument lacks merit. The Court will deny the petition.

I.

The shooting victim in this case was Hardin Harris, the nephew of Michelle Weatherspoon, the petitioner's girlfriend. Harris tried to break up an argument between Weatherspoon and the petitioner. The petitioner did not deny shooting Harris, but he argued that he did so in self-defense.

Several witnesses at trial testified that the petitioner began arguing with his girlfriend in their home. Harris injected himself into the dispute to attempt to resolve it. Several witnesses testified that Harris did not have a gun in his possession, grab his pocket, nor make any threatening

gestures towards the petitioner. Witnesses also testified the petitioner began firing several shots at Harris and continued firing his gun at Harris while chasing him through the house.

The deputy medical examiner who performed the autopsy on Hardin described two gunshot wounds on the body, one in the lower right abdomen and one in the left upper back. He testified that the gunshot wounds did not have any soot or stippling marks, which suggested that the shooter was likely more than two feet away from the victim. The toxicology report indicated that Harris had alcohol, marijuana, and a cocaine metabolite in his system at the time of death.

The petitioner testified at great length at trial that he shot Harris in self-defense after Harris threatened him. The petitioner testified that when Harris injected himself into the argument between the petitioner and his girlfriend, he threatened to "beat the shit out of your bitch ass." Harris then threatened to kill him. He came towards the petitioner in a menacing fashion. The petitioner testified he backed away from Harris and pleaded with him to stop. He said that Harris's hand was next to his right-hand pocket where the petitioner believed that he was carrying his .45 caliber semi-automatic gun. The petitioner put his hand on his own gun and said, "Man, please." The petitioner said he was cornered and begging Harris to stop. Harris came face-to-face with the petitioner and said, "you don't pull your gun on me." Harris "lurched" toward the petitioner with one hand reaching for the petitioner's neck and the other hand reaching for his waist. The petitioner unsnapped his holster, drew his gun, and fired it, all in one fluid motion.

The petitioner was not certain if the bullet hit Harris, who stood there with his hands at his side. But Harris grimaced and shoved his hand into his pants pocket. The petitioner described his fear that Harris was going to draw his gun and shoot him. So the petitioner raised his gun again to beat the victim's draw. Harris spun towards the couch and began walking away fast while looking back over his shoulder at the petitioner, keeping his hand in his pocket. Although Harris no longer

blocked the petitioner's access to the front door, the petitioner contended he could not leave the house that way because the door was locked. The petitioner said that he was more afraid than ever that Harris was going to pull out his gun and shoot him. The petitioner aimed his gun at Harris's pocket and fired a shot. Harris ran off with his hand still in his pocket. The petitioner said that he believed that there was going to be a fight to the death, so he followed Harris through the dining room and kitchen. The petitioner testified that he believed that Harris was trying to get into position where he could pull out his gun and shoot him. The petitioner chased him while looking at his right hand in his pocket. Harris reached the basement stairway. The petitioner ran to catch up with Harris, who jumped down the stairs to the first landing. The petitioner believed that Harris was "making his escape" into the basement. The petitioner reached the stairs and saw Harris's elbow jerk. The petitioner believed that the victim was trying to take his gun out. The petitioner pointed his gun down the stairway, aimed at Harris's hip area, and fired at him again, hitting him in the shoulder. The petitioner testified that he was still frightened and believed that Harris was going to make his last stand. Harris took his hand out of his pocket, put it up in the air, and continued down the stairs. Michelle Weatherspoon then grabbed the petitioner and asked, "Why did you do that?" The petitioner heard someone in the basement say, "his gun." The petitioner feared that if he stayed at the house, the others would kill him, so he left, taking his gun with him. The petitioner admitted that he never saw Harris with a gun although he suspected he had one. Harris never fired a shot.

The prosecutor originally charged the petitioner with first-degree murder, felon in possession of a firearm, and two counts of felony-firearm. The Oakland County, Michigan jury convicted him of the lesser included offense of second-degree murder and guilty as charged of the firearm offenses.

The petitioner's conviction was affirmed. *People v. Holley*, No. 323606, 2016 WL 232384 (Mich. Ct. App. Jan. 19, 2016); *lv. to appeal den.* 499 Mich. 985, 882 N.W.2d 155 (2016). He filed a timely petition for a writ of habeas corpus. He seeks relief on the following grounds:

> I. The trial judge erroneously ruled that 2nd degree murder was a mandatory lesser included offense of a 1st degree murder charge and further compounded the error because the evidentiary record did not support a 2nd degree charge.
>
> II. The prosecutor failed to present sufficient evidence to disprove self defense, thus violating his state and federal constitutional rights to be convicted only upon proof beyond a reasonable doubt.

Pet. at 5, 9, ECF No. 1, PageID.5, 9.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Under that statute, if a claim was adjudicated on the merits in state court, a federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) (citing 28 U.S.C. § 2254(e)(1)).

"Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotation marks and citations omitted). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, (2011). The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (quotation marks omitted)). The AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011).

A.

The petitioner first argues that the judge violated his due process rights by instructing the jury on second-degree murder as a lesser included offense to the original first-degree murder charge, even though the judge and the prosecutor had initially agreed that the instruction should not be given. He maintains that giving the instruction was improper because neither he nor his attorney were under notice that they were going to have to defend against a second-degree murder charge and the evidence at trial did not support the giving of the instruction.

The respondent argues that the petitioner's claim is at least partially unexhausted because he never argued in the state courts that giving this instruction violated his right to fair notice of the charges that he would have to be defended against. It is well-settled that a state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state court remedies. 28 U.S.C. § 2254(b)(1)(A), (c). The exhaustion doctrine requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). But although the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987); *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity, *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987). A habeas petition may also be denied on the merits, despite the petitioner's failure to exhaust state court remedies. 28 U.S.C. § 2254(b)(2). The Court believes that it is more efficient to address the merits of the claims at this stage of the proceedings. *See Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).

The petitioner's argument — that instructing the jury on a lesser included offense contravened federal law — is a difficult one for him. It does not matter that the lesser-offense instruction may have "misread state law because federal habeas applies only to convictions that offend 'the Constitution, laws, or treaties of the United States.'" *Keahey v. Marquis*, --- F.3d ---, No. 18-4106, 2020 WL 6145774, at *2 (6th Cir. Oct. 20, 2020) (quoting *Estelle v. McGuire*, 502

U.S. 62, 68 (1991)). "That means he must show that the trial judge not only misread state law but also misread it so badly that it violated the Sixth and Fourteenth Amendments. That's not easy because 'instructional errors of state law generally may not form the basis for federal habeas relief.'" *Ibid.* (quoting *Gilmore v. Taylor*, 508 U.S. 333, 344 (1993)).

As a general matter, a criminal defendant is entitled to notice of the charges he must confront. *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973) (quoting *In re Oliver*, 333 U.S. 257, 273 (1948)). But the petitioner faces two hurdles applying this rule to the lesser-offense instruction in this case. For one, he has not identified a specific Supreme Court case that applies this general principle to lesser included offenses. To obtain relief, the petitioner "must show that the [state court's] mistake violated concrete Supreme Court holdings, not generalized principles." *Keahey*, 2020 WL 6145774, at *2 (citations omitted).

A second obstacle is that when the conviction is for a lesser included offense of the charged crime, "the defendant has sufficient notice, when charged with the greater offense, that she may also have to defend against the lesser charge." *Seymour v. Walker*, 224 F.3d 542, 558 (6th Cir. 2000) (citations omitted). Therefore, "a conviction on the lesser-included offense does not violate Michigan law or the United States Constitution." *Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012) (rejecting the petitioner's lack-of-notice argument).

Second-degree murder is a lesser included offense of first-degree murder under Michigan law. *People v. Carter,* 395 Mich. 434, 437-438; 236 N.W.2d 500, 502 (1975) ("Second-degree murder is always a lesser included offense of first-degree murder."); *see also People v. Cornell,* 466 Mich. 335, 358, n.13; 646 N.W.2d 127, 140 n.13 (2002), *overruled in part on other grounds People v. Mendoza*, 468 Mich. 527; 664 N.W.2d 685 (2003). Although under Michigan law an instruction on second-degree murder as a lesser-included offense of first-degree murder is not

automatically required, it "is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *Cornell,* 466 Mich. at 358, n.13, 646 N.W.2d at 140 n.13.

The Michigan Court of Appeals rejected the petitioner's claim, holding that it was proper to instruct the jury on the lesser included offense of second-degree murder because the element of premeditation was disputed and because the evidence supported a second-degree murder verdict. *People v. Holley*, 2016 WL 232384, at * 3. The propriety of the instruction itself is a state law matter, which will not support federal habeas corpus relief. And because second-degree murder is a lesser included offense of first-degree premeditated murder, the trial court did not violate the petitioner's due process rights by instructing the jury on second-degree murder as a lesser included offense. *Rashad*, 675 F.3d at 569; *Seymour,* 224 F. 3d at 558. The state court's decision on this question did not contravene or unreasonably apply federal law as determined by the Supreme Court.

B.

The petitioner argues that there was insufficient evidence to disprove his self-defense claim. But he has cited, and this Court has found, no Supreme Court case that supports the idea that the Constitution requires such proof.

Of course, "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). And under Michigan law, the prosecutor must disprove a claim of self-defense or defense of others. *People v. Jackson*, 390 Mich. 621, 626, 212 N.W.2d 918, 920 (1973) (quoting *People v. Stallworth*, 364 Mich. 528, 535, 111 N.W.2d 742, 746 (1961) ("The burden of proof to exclude the possibility that the killing was done in self-defense

rests on the prosecution.")). But "[p]roof of the nonexistence of all affirmative defenses has never been constitutionally required." *Smith v. United States,* 568 U.S. 106, 110 (2013) (quoting *Patterson v. New York*, 432 U.S. 197, 210 (1977)).

Under Michigan law, self-defense is an affirmative defense. *People v. Dupree,* 486 Mich. 693, 704, 712, 788 N.W. 2d 399, 405 (2010). "An affirmative defense, like self-defense, 'admits the crime but seeks to excuse or justify its commission. It does not negate specific elements of the crime.'" *People v. Reese*, 491 Mich. 127, 155 n.76, 815 N.W.2d 85 (2012) (quoting *Dupree,* 486 Mich. at 704, n.11, 788 N.W.2d at 405 n.11). The Supreme Court and the Sixth Circuit both have rejected the contention that the Constitution requires the prosecution to disprove self-defense beyond a reasonable doubt. *See Martin v. Ohio*, 480 U.S. 228, 233-36 (1987); *see also Gilmore v. Taylor*, 508 U.S. 333, 359 (1993) (Blackmun, J., dissenting) ("In those States in which self-defense is an affirmative defense to murder, the Constitution does not require that the prosecution disprove self-defense beyond a reasonable doubt"); *Allen v. Redman*, 858 F. 2d 1194, 1197 (6th Cir.1988) (explaining that habeas review of sufficiency-of-the-evidence claims is limited to elements of the crimes as defined by state law) (citing *Engle v. Isaac*, 456 U.S. 107 (1982)). Therefore, "the due process 'sufficient evidence' guarantee does not implicate affirmative defenses, because proof supportive of an affirmative defense cannot detract from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime." *Caldwell v. Russell,* 181 F. 3d 731, 740 (6th Cir. 1999); *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997).

Moreover, the state appellate court reasonably concluded that the evidence actually did negate the self-defense claim. Holding that "[t]he prosecution presented more than enough evidence to discount defendant's claim of self-defense," *Holley*, 2016 WL 232384, at *5, the court of appeals observed:

> Defendant took his gun with him to the family gathering at Weatherspoon's house and witnesses testified that defendant and the victim were getting along before the gathering. At the party, the victim never threatened defendant or had physical contact with him before defendant fired the shots. Multiple witnesses testified that the victim was not armed when defendant shot him and that the victim was trying to get away from defendant but defendant followed the victim, continuing to shoot. The only testimony that defendant had reason to fear for his life came from defendant's testimony that the victim lurched at him with his hand in his pocket, prompting defendant to believe that the victim had a firearm. But this testimony was in conflict with other witness testimony that the victim's hands were by his side and that the victim was unarmed. "Witness credibility and the weight accorded to evidence is a question for the jury, and any conflict must be resolved in the prosecution's favor." Taking the evidence in the light most favorable to the prosecutor, there was sufficient evidence to negate defendant's self-defense claim.

*Ibid.* (citations omitted).

These observations reasonably characterized the record. Under the Due Process Clause, the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). A federal court reviewing a state court conviction under the habeas corpus statute that is "faced with a record of historical facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Cavazos v. Smith,* 565 U.S. 1, 7 (2011).

The petitioner also argues that there was insufficient evidence presented to sustain his second-degree murder conviction because the prosecution failed to prove beyond a reasonable doubt that petitioner did not kill the victim in the heat of passion that was caused by an adequate provocation. Under Michigan law, a defendant is guilty only of voluntary manslaughter if he or she "killed in the heat of passion, the passion was caused by adequate provocation, and there was not a lapse of time during which a reasonable person could control his passions." *Ruelas v.*

*Wolfenbarger*, 580 F. 3d 403, 413 (6th Cir. 2009) (quoting *People v. Mendoza,* 468 Mich. 527, 535, 664 N.W.2d 685, 690 (2003)). However, although the prosecutor must prove his case beyond a reasonable doubt, under Michigan law, the burden of proof to show provocation is on the defendant, and it must be shown by a preponderance of the evidence. *Ibid.* (citing *People v. Darden*, 230 Mich. App. 597, 604, 585 N.W.2d 27, 31 (1998)). Under Michigan law, the absence of provocation is not an element of second-degree murder that the prosecution must prove. *See Cook v. Stegall,* 56 F. Supp. 2d 788, 795-96 (E.D. Mich. 1999) (*citing People v. Deason*, 148 Mich. App. 27, 384 N.W.2d 72 (1985)).

Habeas review of sufficiency-of-the-evidence claims is limited to reviewing the elements of the crimes as defined by state law. *Allen*, 858 F. 2d at 1197. "[I]f an ingredient of a crime is not an element of the offense and does not negate an element, . . . a state law can properly shift the burden of proving that factor onto the defendant." *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2001), *overruled on other grounds* by *Bowling v. Parker*, 344 F. 3d 487, 501, n.3 (6th Cir. 2003). Because the absence of provocation is not an element of second-degree murder, it was not necessary for the prosecutor to prove beyond a reasonable doubt that the petitioner did not act under an adequate provocation when he killed Harris, so as to sustain his conviction for second-degree murder.

Moreover, there was sufficient evidence for a rational trier of fact to reject any claim that the petitioner was provoked into shooting the victim. The prosecution witnesses all testified that the victim was not armed with a weapon, did not act menacingly towards the petitioner, or threaten him in any way. Under the circumstances, there was sufficient evidence to support the petitioner's second-degree murder conviction.

III.

None of the petitioner's claims presents a basis to issue a writ of habeas corpus under 28 U.S.C. § 2254(d). The state courts' decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 2, 2020